FILED
U.S. DISTRICT COURT
2009 AUG 20 PM 2:20
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-105 |
| | ) | |
| MICHAEL ANTWION MCNAIR | ) | |

## ORDER

Defendant Michael Antwion McNair is before the Court charged with one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), and with two counts of Possession of Cocaine Base, in violation of 21 U.S.C. § 844. If convicted, Defendant faces a sentence of imprisonment of up to ten years on the firearms charge and a sentence of imprisonment of up to three years on each drug possession charge.

## DISCUSSION

Pursuant to 18 U.S.C. § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, but both are not required. United States v. Fortna, 769 F.2d 243, 249 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887, 891-92 (8th Cir. 1985). The grounds relied upon

by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. Id. at 891.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug or a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including, (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and, (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Defendant McNair, thirty-six (36) years of age, is before the Court on the government's motion for detention in this possession of crack cocaine and felon in possession of a firearm prosecution. Defendant's adult criminal history began in 1992 when he was nineteen years of age. This arrest and conviction for purchase, possession of controlled substances and DUI was the first of many similar violations resulting in felony

narcotics convictions. The indictment in this case lists three such convictions dated November 5, 1992, March 26, 1998, and May 5, 2000. The pretrial services report reflects a fourth felony conviction for fleeing or attempting to elude a police officer and driving with a suspended or revoked driver's license. His criminal history also shows three arrests for parole violations.

The Court finds it very troubling that following his arrest on the instant charges on February 20, 2009, less than thirty days later on March 23, 2009, presumably while on pretrial release on the instant charges, Defendant was again arrested for possession with intent to distribute cocaine. In short, there is very little in Defendant's background suggesting that he should be released on bond in this case. At 36 years of age, Defendant, able-bodied and lacking in any emotional difficulties, has nonetheless been unemployed since the 1990s, is an "occasional" user of marijuana and cocaine, and is the father of two illegitimate children, who, if released, wishes to live with his mother. The Court finds, however, that Defendant's continuing involvement in narcotics warrants detention.

The Court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community upon the defendant's release. Therefore, the government's motion for detention is **GRANTED**. The defendant is advised of his right to a prompt resolution of any appeal of this Order.

Upon the foregoing, **IT IS ORDERED**,

1. That the defendant is committed to the custody of the Attorney General for

confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or upon request of an attorney for the government, the defendant shall be delivered to the United States Marshal for the purpose of an appearance in connection with any court proceeding

SO ORDERED this 20th day of August, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4